CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E-Mail: Callie_Steele@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
LEONARDO ZAMORA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEONARDO ZAMORA,<br><br>　　　　　Defendant. | Case No. CR 19-360-FMO<br><br>**LEONARDO ZAMORA'S REQUEST FOR DISMISSAL WITH PREJUDICE** |

　　　Defendant, Leonardo Zamora, through his counsel of record, Senior Litigator Callie Glanton Steele, hereby requests that the indictment in this matter be dismissed with prejudice. This request is based upon the attached Memorandum of Points and Authorities and all files and records in this case.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: May 5, 2021　　　By  */s/ Callie Glanton Steele*
　　　　　　　　　　　　　　　　　　CALLIE GLANTON STEELE
　　　　　　　　　　　　　　　　　　Senior Litigator
　　　　　　　　　　　　　　　　　　Attorney for Leonardo Zamora

# MEMORADNUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Leonardo Zamora is charged in a five-count indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) [Count One]; unlawful possession of stolen mail, in violation of 18 U.S.C. § 1708 [Count Two]; possession of device making equipment, in violation of 18 U.S.C. § 1028(a)(4) [Count Three]; possession of an unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) [Count Four]; and aggravated identify theft, in violation of 18 U.S.C. § 1028A(a)(1) [Count Five].

Mr. Zamora was arrested on May 14, 2019, the complaint was filed on May 29, 2019 [Docket No. 1], he was indicted on June 18, 2019 [Docket No. 12], and he filed a motion to suppress evidence on May 11, 2020 [Docket No. 48]. On May 18, 2020, the government opposed Mr. Zamora's motion to suppress evidence [Docket No. 55], and on May 21, 2020, the Government filed a Supplemental Opposition to the motion to suppress evidence [Docket No. 61]. Mr. Zamora filed his reply on May 22, 2020 [Docket No. 66].

On May 22, 2020, on the Court's own motion and in light of the COVID-19 pandemic, Mr. Zamora's trial was continued from June 16, 2020, to August 4, 2020 [Docket No. 64]. Mr. Zamora objected to the continuance [Docket No. 67]. On July 2, 2020, the trial was continued from August 4, 2020, to September 1, 2020 [Docket No. 97]. Mr. Zamora objected to the continuance. [Docket No. 98]. Again, due to the COVID-19 pandemic, the trial was continued to November 3, 2020 [Docket No. 110], to January 26, 2021 [Docket No. 111], to March 23, 2021 [Docket No. 141], and then to May 25, 2021 [Docket No. 151].

On December 7 and 11, 2020, an evidentiary hearing was held on the motion to suppress. Huntington Park Police Department ("HPPD") Officer Raymond Gradillas testified for the government and Mr. Zamora and Arturo Flores were called as witnesses for the defense. [Docket No. 139].

The parties stipulated to Mr. Zamora's release to a drug treatment program and he was released on March 19, 2021. [Docket Nos. 152 and 154]. Thus, he was in custody from May 14, 2019, to March 19, 2021 -- for one year and ten months.

On April 13, 2021, this Court granted Mr. Zamora's motion to suppress evidence and found that the testimony of the government's only witness, HPPD Officer Raymond Gradillas, was "less credible [than Mr. Zamora's testimony], as it was both contradictory and inconsistent". Order Re: Motion to Suppress at 8 [Docket No. 159]. On May 4, 2021, the government moved to dismiss the indictment without prejudice. [Docket No. 163]. As argued in further detail below, in light of the unique circumstances in this case, Mr. Zamora requests that the indictment be dismissed with prejudice.

## II.  ARGUMENT

Rule 48(b) of the Federal Rules of Criminal Procedure "grants the trial court inherent power, derived from common law, to dismiss a case for want of prosecution, whether or not there has been a Sixth Amendment violation. Thus, this power of dismissal is independent of constitutional considerations, and is derived from the court's supervisory authority in regard to its own jurisdiction." *United States v. Simmons,* 536 F.2d 827, 832 (9th Cir. 1976). "[A]lthough dismissal not arising from a constitutional violation is normally without prejudice, the facts and circumstances of a particular case may very well justify dismissal with prejudice." *Id.* at 833.

1       Here, Mr. Zamora was arrested on May 14, 2019, was in custody 2 during the COVID-19 pandemic, and was released from custody on March 3 19, 2021. He served one year and ten months in custody. He filed his 4 suppression motion in May of 2020, but due to the pandemic, the hearing on 5 his motion was delayed numerous times. The matter was heard in 6 December of 2020, and the parties stipulated to his release in March of 7 2021. On April 13, 2021, this Court granted his motion to suppress, finding 8 that the government's sole witness was not credible.

9       It was the government's burden to support its acquisition of the 10 evidence in this matter. *See McDonald v. United States*, 335 U.S. 451, 456 11 (1948); *Mincey v. Arizona*, 437 U.S. 385, 390-91 (1978); *United States v.* 12 *Hugueza-Ibarra*, 954 F.2d 546, 551 (9th Cir. 1992). The government failed 13 to carry its burden. As a result, Mr. Zamora has spent nearly two years in 14 custody. In light of these unique circumstances, the Court should employ 15 its supervisory powers and dismiss the indictment with prejudice. The facts 16 and circumstances of this case warrant such a remedy.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## III.  CONCLUSION

Mr. Zamora was in custody for one year and ten months, and the government moved to dismiss the case following the granting of his suppression motion.  Based on the facts and circumstances of this case, including Mr. Zamora's prolonged detention, Mr. Zamora respectfully requests that the indictment be dismissed with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  May 5, 2021          By  */s/ Callie Glanton Steele*
                              CALLIE GLANTON STEELE
                              Senior Litigator
                              Attorney for Leonardo Zamora